**QIANG DONG, a.k.a. Pengxiang Lin, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General,[1] Respondent.**

No. 07–3823–ag.

United States Court of Appeals, Second Circuit.

April 11, 2008.

Gary J. Yerman, New York, NY, for Petitioner.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

**70**

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Linda S. Wernery, Assistant Director, Gregory M. Kelch, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROBERT A. KATZMANN, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Qiang Dong, a native and citizen of the People's Republic of China, seeks review of an August 23, 2007 order of the BIA affirming the January 12, 2006 decision of Immigration Judge ("IJ") Barbara A. Nelson denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qiang Dong,* No. A77 977 899 (B.I.A. Aug. 23, 2007), *aff'g* No. A77 977 899 (Immig. Ct. N.Y. City Jan. 12, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Belortaja v. Gonzales,* 484 F.3d 619, 623 (2d Cir. 2007). However, we review de novo questions of law, including what quantum of evidence suffices to discharge an applicant's burden of proof. *See Secaida-Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003).

■ The BIA rejected the IJ's adverse credibility finding, and so we must assume Dong's credibility. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). Nevertheless, we see no basis to disturb the agency's determination that Dong failed to establish a well-founded fear of persecution. In his brief to this Court, Dong argues that "[t]he background evidence in the record on its own establishes a reasonable possibility that [he] will be persecuted for his suspected practice of Falun Gong." But we see essentially no support for this position. Indeed, Dong did not even claim before the BIA that Chinese authorities believed him to be a Falun Gong practitioner. Rather, he professed to be fearful that police would arrest him because his father was a Falun Gong organizer. Dong does not press this claim in his brief to this Court, and we deem it abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

■ Likewise, we see no reason to disturb the determination of the agency that Dong failed to establish a well-founded fear of persecution based on the birth of his child in the United States. As the IJ found, Dong has only one child, and has not established that the birth of only one child violates the family planning policy. His assertion that he and his wife would like to have more children in the future, without more, is insufficient to establish eligibility for relief. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005). And his reliance on *Rui Ying Lin v. Gonzales,* 445 F.3d 127, 135–36 (2d Cir.2006), is misplaced. To begin with, the petitioner in *Rui Ying Lin* had two children and claimed that family planning officials had threatened to sterilize her after the birth of her second child. 445 F.3d at 130–31. Dong, by contrast, did not testify to receiving any such threats, and, indeed, has conceded that he and his wife would ultimately be permitted to have another child.

Because Dong was unable to demonstrate the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on his claims for withholding of removal and CAT relief, where all three claims were based on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.